IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIM BRAND and DEENA BRAND, Individually** ) <br> **and as next friend of KAYLA BRAND, a minor,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v.    ) <br> ) <br> **HOLMES AIR TAIWAN, INC., and THE** ) <br> **HOLMES GROUP, INC.,** ) <br> ) <br> **Defendants.** ) | Cause No. 05-CV-862-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to strike certain affirmative defenses, to which defendant Holmes Group, Inc. has filed a response and plaintiffs a reply.

Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. See, e.g., *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir 1991).

Specifically, plaintiffs move to strike affirmative defenses numbered 3, 11, 12, 13 and 14. Initially, the Court notes that in their reply, plaintiffs concede that affirmative defense number 11 is proper, so that defense will not be stricken. Further, defendant concedes that affirmative defense number 13 is not proper, so that defense is stricken. The Court will address the disputed affirmative defenses below.

Plaintiffs move to strike defendant's third affirmative defense. In this action for strict products liability and negligence, defendant's third affirmative defense alleges that it can avoid liability if it establishes "that the subject product, at all times, conformed to the state of scientific and technological knowledge available at the time the product was placed on the market, giving

consideration to the customary designs, methods, standards, and techniques of designing and manufacturing by manufacturers and sellers of similar products."

Plaintiffs argue that this "state of the art" theory is not a defense to a strict liability action nor to a negligence action. Defendant concedes that state of the art is not a defense to a strict liability action, but maintains that state of the art is a defense that may be submitted to a jury where negligence is a theory of liability. Both parties cite *Gelsumino v. E. W. Bliss Co.*, 295 N.E.2d 110 (Ill. App. Ct. 1973). In *Gelsumino*, the court held that state of the art is not a defense to a strict liability claim. With respect to a negligence action, the court stated that "conformity to the state of the art is not conclusive of non-negligence since it is merely to be considered by the jury along with whatever other evidence may be presented in determining that fact." *Id.* at 113. While conformity to the state of the art may not be an absolute bar to liability, the Court finds that the state of the art defense was properly pleaded in order to preserve such defense.

In the twelfth and fourteenth affirmative defenses, defendant alleges, respectively, "pursuant to 735 ILCS 5/2-2106.5, and applicable law, that Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages were caused by an inherent characteristic of the product which is a generic aspect of that product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community," and "pursuant to 735 ILCS 5/2-2106, and applicable law, all warnings provided by this Defendant must be deemed to be adequate, and further, that Plaintiffs' claims are barred for the reason that any alleged risks associated with the use of the product were obvious to a reasonably prudent product user and were a matter of common knowledge to persons in the same position as or similar positions to

that of the Plaintiffs."

Plaintiffs claim that the statutes relied upon by defendants were enacted as part of a tort reform act, which was held unconstitutional by the Illinois Supreme Court in *Best v. Taylor*, 689 N.E.2d 1057 (Ill. 1997).  Defendant concedes that the *Best* court invalidated the tort reform act, but maintain that those affirmative defenses remain viable under Illinois common law.  Specifically, defendant cites *Hunt v. Blasius*, 384 N.E.2d 368, 372 (Ill. 1979), in which the Illinois Supreme Court states that "[i]njuries are not compensable in products liability if they derive merely from those inherent properties of a product which are obvious to all who come in contact with the product" (the consumer expectations test), and *Wortel v. Somerset Indus., Inc.*, 770 N.E.2d 1211, 1218 (Ill. App. Ct. 2002), in which the court reiterated that "a product is defective as designed if, but only if, the magnitude of the danger outweighs the utility of the product" (the risk-utility test). Here, at a minimum, defendant's twelfth and fourteenth affirmative defenses cobble together elements of those tests.  The Court notes again that "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings.... Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (internal cites omitted), cited in *Lopez v. Autoserve, LLC*, 2005 WL 3116053, at *1 (N.D. Ill. Nov. 17, 2005).  The affirmative defenses at issue are not insufficient on the face of the pleadings, and the Court denies plaintiffs' motion to strike the twelfth and fourteenth affirmative defenses.

Accordingly, plaintiffs' motion to strike certain affirmative defenses is **GRANTED** in part and **DENIED** in part.   Plaintiffs' motion is **GRANTED** with respect to affirmative defense number 13, and **DENIED** with respect to the affirmative defenses numbered 3, 11, 12 and 14.

3

The Court **ORDERS STRICKEN** from the record affirmative defense number 13.

    **IT IS SO ORDERED.**

    **DATED: April 10, 2006**

                                             **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**